You may be seated. First case of the morning, People of the State of Illinois v. Eddie Smith, for the Appellate Ms. Hart, for the Appellate Ms. Brooks, you may proceed. May it please the Court, Counsel, my name is Katherine Hart with the Office of the State Appellate Defender, and I represent the Appellant, Eddie Smith. A defense attorney in a criminal trial has the obligation to be a zealous advocate in defense of his or her client's rights. This obligation includes knowledge of the law and criminal procedure as it pertains to all aspects of the case, as this knowledge informs all decisions made during the trial. In this case, trial counsel's failure to understand that a motion for a directed verdict on a failure of proof for a critical element of the charge would most likely result in the State's ability to fix their error was a mistake that caused serious harm to Eddie Smith. When the State brings a charge of delivery of a controlled substance within 1,000 feet of a church, two of the facts that must be proven are that the building was in use as a church on the date in question. In this case, the State was twice given the opportunity to prove this element and failed. First, the State presented the evidence of Officer Hockaday to prove that the building at 1222 East Grand Street was a church. Hockaday's testimony only related to his actions on November 1, 2010, when he measured the distance between 1222 East Grand Street and the spot of the alleged drug transaction. He took no pictures or documented anything about the building and did not even remember the name of the church. In addition to the fact that this occurred on November 1, 2010 and the date of the alleged drug transaction was August 12, 2009. Following the close of the State's case, defense attorneys filed a motion for a directed verdict arguing that the State had failed to prove that the building was in use as a church on August 12, 2009. Can you say that was error on counsel's part? Yes, because... What should counsel have done? The counsel should have done nothing at that point. Because the case law in the State of Illinois has long been in the defendant's brief, we cite cases going back to 1968, that the trial court has incredibly wide discretion to allow the State to reopen its proof on any element of the charge. Walk me through it. So defense counsel doesn't file a motion, then what happens? So the State closes its case, defense counsel then presents his case, closing arguments, goes to the jury. At that point, if the jury returns a verdict of guilt, defense counsel files a post-trial motion alleging that the State failed to prove that the building was in use as a church. Defense counsel wouldn't have to renew a motion for a directed verdict to close all the evidence? Defense counsel is not obligated to file a motion for a directed verdict. No. You're saying he shouldn't have filed it at the end of the State's case? He should never have filed a motion for a directed verdict. At all? At all. The State failed to carry its burden of proof. It failed to prove the charge. It's the State's burden at all times. And that wouldn't have been a forfeiture? No. If the State fails to prove its case, that's the State's burden. It's the State's responsibility. Defense counsel has no obligation to help the State in any way. Defense counsel's sole obligation is to his client. If the State fails to carry its burden, that's the State's problem. So, I'm not arguing, but I just want to make sure I understand. Your position is no motion for a directed verdict should have been filed at all, and then he should have just raised it in his motion? Post-trial motion. Post-trial motion. That's correct, Your Honor. That is my... And that preserves the issue? Yes. Okay. Because the issue is simply that the State didn't present sufficient evidence to prove the charge. I mean, that is the issue. We regularly have situations where we raise on appeal that the State has not presented sufficient evidence on a particular charge. And in this case, that evidence would be that the building was in use as a church on August 12, 2009. It's clear that the court agreed with defense counsel because the court asked, do you believe that there was any testimony as to whether or not it existed as a church on the date in question? This question was posed to the State. The answer to which is, no, there was no testimony on that fact. So, as a result, the State reopened its case and presented the testimony of Officer Hale. Officer Hale was a patrol officer in that neighborhood from 2005 to 2010. He testified to that fact and testified that he was familiar with the property at 1222 East Grand Street and identified it as Faith Fellowship Missionary Baptist Church. But Officer Hale also testified that sometime between 2005 and 2009, the use of the building changed.  He did not know what date that occurred on. He just knew it had happened at some time in that time period. He also testified that it was a church on August 12, 2009, but he couldn't be absolutely positive about that. He didn't remember going there on that date. He had no documentation. So he was not sure at what time between 2005 and 2009 the building changed use. He just knew that it did. Now again, it's the State's burden to prove that the building at issue was a church, was in use as a church on the date in question. Now 2009 continues for another four and a half months after August 12, 2009. So the building may indeed have changed use during that time, but we don't know when. What if that occurred on September 15th? The State did not sustain its burden on that element. This case is different than People v. Sims, which is another case of this court, where this court found that the police officer's testimony was sufficient to sustain that element, that the building in question was a church. The difference here is that there is this factual question as to when it went from being a school, an old school, to a church, and there's no evidence on that. This error with Eddie Smith's case is not the only error to have occurred at trial. In addition, the trial court erred when it allowed the State to present unsubstantiated other crimes evidence at trial as evidence of identity of Eddie Smith. The evidence in question was allowing the confidential informant, Teresa Williams Smith, to testify that she had purchased drugs from Eddie Smith in the past. And after many discussions between the trial court and the State, where the trial court said, I need a little more information about this, all the State could come up with was the information supplied for the overhear application, and that was, and I quote, Pat Doe advised that Pat Doe had purchased crack cocaine from Eddie Smith approximately 10 to 15 times over the past six months. Now this allegation is simply too unsubstantiated to be admitted as other crimes evidence. Other crimes evidence need not be proven beyond a reasonable doubt prior to admission at trial, but it must be more than a mere suspicion. As this court has stated, the measure of proof that the defendant is guilty of the other crime has been variously described, ranging from sufficient to support a finding by the jury, to a preponderance of the evidence, to substantial, to clear and convincing. That was in People v. Davis in 1993. Pat Doe advised that she had purchased crack cocaine from Eddie Smith on 10 to 15 previous occasions barely qualifies as mere suspicion, much less rising to the level of clear and convincing, substantial, or preponderance of the evidence, as there are absolutely no facts to back up this allegation. The trial court further abused its discretion when it found that this evidence was more probative than prejudicial. The main theory of defense of the case was that the person on the video facilitating some sort of exchange was not Eddie Smith, so identity was clearly an issue in the case. However, Teresa Williams Smith had personally known Eddie Smith as a family friend for five or more years. That evidence was certainly relevant and probative on the issue of identity, in contrast to the bare-bones propensity testimony that Teresa had purchased cocaine from Eddie in the past. Under a balancing test, the testimony that Teresa Williams Smith had previously purchased drugs from Eddie is much more probative on the issue of Eddie's propensity to sell drugs than that Teresa knew who Eddie was, where she also testified that she had known him for about five years. And this evidence was far more prejudicial than probative. This evidence would not come in under a theory of design either, which is alluded to, or common, or modus operandi, or essentially theory of design, which the state alludes to in its brief. Both People v. Cole and People v. Davis involve a tremendous amount of information and facts about the transactions which occurred in each of those cases, and we simply don't have that here. We have no idea what the design is. We have very little information. If this Court has no further questions, we would ask this Court to vacate Eddie Smith's conviction and sentence based upon insufficient evidence, or alternatively reverse and remand for a new trial. Thank you. Good morning, Your Honors. Allison Page Brooks on behalf of the People, may it please the Court and Counsel. First of all, with respect to the first issue, which is the other crimes evidence submission, the defense's reliance on the case of Thingvold is not persuasive, because the issue there was how tenuous the inferences were. And in that case, the fact that the victim was ultimately stabbed, and that was admitted as other crimes evidence without any actual proof that the defendant was the person responsible for the victim's stabbing. In that case, the State had relied on the defendant's, Thingvold's, requests for certain people to commit a stabbing on that victim. However, those people denied that they had committed the stabbing. So therefore, there was only a mere suspicion that Thingvold was responsible for the stabbing, and therefore that other crimes evidence was improperly admitted in that case. But in this case, however, the witness, the informant witness, Teresa Williams-Smith, had positively testified directly that she said that the defendant had in fact delivered her cocaine on multiple prior occasions. So this is not a case where the State's relying on tenuous inferences to establish something more than mere suspicion that the defendant had delivered cocaine to Teresa Williams-Smith. The State relied on Teresa Williams-Smith's own testimony, direct and positive testimony, to establish that fact. So therefore, there is much more than mere suspicion. There's actual proof. It doesn't have to be beyond a reasonable doubt, but her own positive testimony meets the Thingvold standard. And here also, the other requirement is that there has to be relevance other than propensity. There were two forms of relevance. Although the trial court admitted only for the purpose of being relevant to bolster the identity, identification of the defendant, there was an additional element of relevance under the Cole case, which is to explain the otherwise unrealistic ease of which the informant can complete, request and complete a purchase of cocaine from the defendant. And so when the witness calls up the defendant and says, can I have $100, and then shows up later and after a very simple transaction, walks away with six bags of cocaine for $100, it's definitely relevant to show that there is a preexisting cocaine supplier relationship between the defendant and that informant. Why do we care? Well, because the jury is a jury trial, and the jury might have reasonable doubts otherwise about whether, for example, the defense claimed that... If we were talking to each other and we said we'd known... I said I knew a family for five or six years. I knew the mother of the family. I knew the defendant. I knew the defendant well enough to recognize his voice. What more do you need? Why do you have to go into the fact that, oh yeah, he also sold me cocaine, which is exactly the crime that he's being charged with now? Well, it's still probative for identification because to say that... to be limited only to the fact that she was a family friend of his for so many years doesn't put any of their interactions in any sort of context. And so this evidence, however, proves the identification much more strongly in a case where the main defense was misidentification of the accused based on whether his tattoos that he says he had at the time were reflected in the video. So in this case, the state should not be limited to simply just one form of proof of identification or bolstering the witness's identification in the form of just simple information that she knew the defendant already and in the form of being a friend, but that she had actual interactions of this sort would tend to much more strongly bolster and be highly probative. The fact that it was for the same crime also can be somewhat prejudicial, but the fact is that there was a... It is highly probative, but it's also really prejudicial. It is prejudicial, except for the fact that the courts do recognize that limiting instructions here, which were provided to the jury, substantially mitigate any prejudice that would come from other crimes' evidence. So this court would have to follow the recognition that the limiting instructions do mitigate prejudice. So the defense's claim of prejudice... It's also the balancing test has to be reviewed for abuse of discretion. The trial court is there at the trial and is seeing the evidence and seeing the jury and is in a better position to ascertain the prejudicial effect of other crimes' evidence. How did that tattoo evidence work out? The tattoo evidence was, skipping to the sufficiency of evidence argument, would be the defense offered a probation report that was from before this crime was alleged to have occurred, that he says establishes that he had these tattoos. However, the stipulation also said, I think, that it was not independently verified, the information he provided to his probation officer. So if that had been independently verified, would that have been helpful to the defendant? It would have been stronger, but it's something the jury did not have to accept. It's not conclusive proof that he had the specific same tattoos that his investigator photographed years later after the crime. So in order for it to be strong, it would have to be specific? Well, if there were actual pictures that could be connected up to the actual date before the offense. Well, why then isn't it required that the state put on some specific proof about the church? Oh, about the church. It's not real strong, is it? Well, it was strong enough to be proof beyond a reasonable doubt. That sounds pretty strong. But the second officer who testified was Officer Hale, who specifically said that this was a church on that exact date, which was August 12, 2009. And that's proof that it was, in fact, in use as a church on the date of the offense. That's what's required, and that's what the state offered. Of course, he did that after the motion to reopen proofs was granted, but disregarding that fact, there was ultimately proof beyond a reasonable doubt of the required element that this was within 1,000 feet. It was, I think, about 400 measured. The real dispute was whether it was in use as a church on the date of the offense, August 12, 2009. I thought that Ms. Hart, I think, was suggesting that the evidence wasn't quite as specific as that, though he may have said that his knowledge of that was vague in terms of, yeah, I was a patrol officer during that period. Am I misunderstanding her argument? If I can refer to my brief, I think there was... I think there was a reference that Hale says it was, had been a church for some period prior to August 12, 2009. That's with respect to whether he did not know what date it changed from being a school to a church from 2005 to 2009. I think his testimony was that he insisted it had been a church for some period prior to August 12, 2009. So I think the defense counsel says, well, maybe it changed. I think it was changed in September 2009. I think his testimony was otherwise. With respect to whether he specifically identified it to being a church on the date of the offense, I thought that's what he said. I'm trying to remember if it was... Yeah, specifically on August 12, 2009, reference volume 13, 369 in the brief, on page 10 of my brief. I haven't referred to that specific page recently, but that's what I put in the brief. I believe that's what the record reflects. It's more similar to the case where a patrol officer who's responsible for that district, for patrolling in that area, has a reason to know what the use of that building was and had had conversations with the pastor around and before that time. So that's proof beyond a reasonable doubt of that element. If I could now jump back to the other crimes evidence, which I didn't finish. The defense relies on the information in the overhear referring to a pat dough. However, what was ultimately admitted was a trial testimony, not something that was referred to in an overhear application. And that's the evidence that has to be assessed to see whether it's sufficient to be admitted as other crimes evidence. For that reason, the claim that was somehow unsubstantiated should not be accepted. Going back to effective assistance of counsel now as to whether the decision to make a directed verdict motion, on direct appeal, of course, it's more difficult for this court to review, to put together the record to make a proper analysis of the reasonableness of counsel's representation. Because here we don't know whether defense consented to or instructed this attorney to make a motion or what the defense attorney knew about the particular trial judge's views or experience with that judge in terms of whether he or she typically grants or denies state's motions to reopen proofs after a directed verdict motion. Also, it doesn't seem that the record would support the defense's claim that somehow the defense attorney failed to understand the law at all with respect to whether the state could reopen the proofs. So if that is the case, then this is sort of the type of thing that if it were meritorious, it should probably be pursued on a post-conviction petition instead of direct appeal. But still, I think even on this record, it's shown to be a matter of trial strategy because the defense believes he has a meritorious directed verdict motion. That's exactly what the defense is asking for is to say that his attorney should be a zealous advocate for him. That's the type of thing to say that he should be required to sit on his hands and do nothing. Doesn't seem to be a zealous advocate, but making a meritorious motion for a directed verdict. And also, there's no guarantee that the defendant's rights would somehow be ultimately vindicated if he did not make the directed verdict motion. It may be possible upon further review, such as if this were presented on appeal or even in a written post-trial motion, the trial court might go back in the transcript and somehow infer from the Detective Hockaday's testimony concerning the use of the church on the date in which the distance was measured and then infer back and say that if there were no indications of a change in the use, that that somehow would be sufficient proof. There's no guarantee the law in this area may or may not change as well in the future. So to say that the defense attorney should be required to somehow wait and hope that somehow the defendant's rights will be ultimately vindicated and forego a meritorious directed verdict motion is not required under a strict lens and the making of the directed verdict motion was reasonable in circumstances. Also, there's some question as to what sort of remedy the defendant would be getting here if he in fact has a meritorious issue of ineffective assistance because ordinarily a lot of times the remedy for ineffective assistance is a new trial, but here what happened was he was proved guilty of this element and this crime beyond a reasonable doubt at a fair trial except for his claim of ineffective assistance. So I'm not sure if he's asking for an outright reversal or an acquittal as his remedy in that situation though where he was in fact proved guilty beyond a reasonable doubt and he's not claiming that the trial court abused his discretion in granting the state's motion to reopen proof. It seems like what he would be asking for in an acquittal, outright acquittal, and no new trial would be in fact a windfall to him and that's not the sort of thing that a defendant can get for a Sixth Amendment violation. And so with respect to the last issue I won't be speaking about sentencing unless this court has questions. The last issue I'd like to talk about is sufficiency of evidence with respect to defense identification. Here it's not just the defendant being identified on the video after the fact. He was identified by Teresa Williams-Smith who had a chance to see him in person and hear his voice not only at the time of delivery but on the phone. Detective Jeffrey Hockaday also identified the defendant by voice from the telephone call when they were setting up this transaction. Hockaday also examined the recording as well as Officer Hale. Officer Hale identified the defendant from a drive-by based on a description provided by Detective Hockaday  So in this case there was very, very strong proof of his identification and any conflicts in the evidence created by the existence or non-existence of his tattoos at whatever time was not sufficient to require this court to reverse the conviction or have a reasonable doubt as to guilt. And a reference also other than the probation document was the testimony of the defendant's aunt, Sharon Smith. And her claim about when the defendant got the tattoo was based on an erroneous belief as to the date of the death of this person, Shakita Smith, of whom the defendant put tattoos of her picture after she died and the state rebutted that date with a certified copy of the death certificate for that person. So she was wrong, Sharon Smith was wrong about when Shakita Smith died so therefore the jury could disbelieve her testimony as incredible in an attempt to establish a defense for the defendant that was not true. So for all these reasons I'd like to thank this court for its attention and request this court to affirm. Ms. Hart? In the state's brief on page 11, the state says Hale was reasonably definite enough about the character of the property as a church on the date of the offense. That's not beyond a reasonable doubt. That is, well, Officer Hale does testify that it was a church on August 12, 2009 but he also testifies that he doesn't remember being there on that date, he has no documentation that he was there on that date, and he does testify that the use of the building changes between an old school and a church sometime between 2005 and 2009. All of that is in the record. That is not guilt beyond a reasonable doubt. That is not sufficient proof as to what the use of this building was. In addition, the state talks about the other crimes' evidence and the state argues that this should have come in to show identity. But Teresa William Smith knew Betty Smith because she knew him, not because she had purchased drugs from him. The basis of her knowledge of him as a person and what he looked like and what he sounded like was the fact that she knew him and she'd known his family for five or more years. The other crimes' evidence admitted in this case is purely admitted on the grounds of propensity. And in fact, the state actually uses the term in their brief on page 7. Those arguments imply that the cocaine might not have been delivered to William Smith by anyone else on Leafland Street, but the fact that defendants' pre-existing supplier relationship with her tends to refute that implication. Well, that's propensity evidence. That's evidence that he's a drug dealer and that he sold her drugs. And this evidence was admitted to show that he was a drug dealer. It was simply should not have been admitted. Not only because it was unsubstantiated and a mere allegation, but because it was way more prejudicial than probative on the common design. Lastly, the state talks about how the Pat Doe says that Pat Doe purchased drugs was not what was admitted at trial, but actually the testimony at trial, again, just supports that this was admitted as propensity. The state asks Teresa, you had prior dealings with a defendant? This is my defendant's brief, page 13. You had prior dealings with a defendant? Yes. And when you say yes, you had made prior purchases of cocaine from Mr. Smith? Teresa? Yes. Well, we could be done there if it was just identity. More than one? Yes. If this court has no further questions. Is there anything in the record which explains why the state waited almost two years before they charged the defendant? There is discussion about that. They also never recovered the money, the drug money. They claim it was because there was an ongoing drug investigation. The target of which was a man by the name of Juan Britton. That is all in the record. And so they waited until they were done with the whole task force. But as a result, the fact of what the building was in use for is cloudier because the trial takes place several years after the drug transaction.